**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **Case Nos.**   **10-20101-01-CM (Criminal)** |
| **v.** | ) | **14-2152-CM (Civil)** |
| | ) | |
| **RONALD WILLIAMS,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| _____ | ) | |

**MEMORANDUM AND ORDER**

This case is before the court on defendant Ronald Williams's Petition Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Doc. 180), a supplement to that motion (Doc. 192), and an additional motion to supplement (Doc. 203). In response, the government filed a motion to enforce the plea agreement (Doc. 204). The court grants defendant's request to supplement his motion and considers all of the documents he has filed in support of his motion.

In August 2012, defendant entered into a Rule 11(c)(1)(C) plea agreement and pleaded guilty to three counts of distribution of crack cocaine. Pursuant to the plea agreement, the court sentenced defendant to the jointly-recommended sentence of 102 months' imprisonment. Defendant now asks the court to vacate his sentence because (1) counsel failed to investigate Ricky Webster as an alibi witness before advising defendant to enter into the plea agreement; (2) counsel failed to move to suppress items found in Mr. Webster's house (where defendant lived); (3) counsel was ineffective at sentencing for failing to object to relevant conduct; and (4) counsel failed to investigate and object to a two-level firearm enhancement at sentencing.

As noted above, the government asks the court to enforce the plea agreement, where defendant waived the right to bring a § 2255 motion. For the following reasons, the court enforces the waiver in part and denies defendant's motion.

## I.   Waiver of the Right to Bring a Collateral Attack

The court will hold a defendant and the government to the terms of a lawful plea agreement. *United States v. Arevalo-Jimenez*, 372 F.3d 1204, 1207 (10th Cir. 2004); *United States v. Atterberry*, 144 F.3d 1299, 1300 (10th Cir. 1998). Generally, a knowing and voluntary waiver of § 2255 rights is enforceable. *United States v. Cockerham*, 237 F.3d 1179, 1181 (10th Cir. 2001). The court applies a three-pronged analysis to evaluate the enforceability of such a waiver, in which the court must determine: (1) whether the scope of the waiver covers the disputed issues; (2) whether the defendant knowingly and voluntarily waived his rights; and (3) whether enforcement of the waiver would result in a miscarriage of justice. *See United States v. Hahn*, 359 F.3d 1315, 1325 (10th Cir. 2004).

### A. Scope of Waiver

In determining whether a disputed issue falls within the scope of the waiver, the court begins with the plain language of the plea agreement. *United States v. Anderson*, 374 F.3d 955, 957 (10th Cir. 2004); *Hahn*, 359 F.3d at 1328. The pertinent provision in defendant's plea agreement provides:

> If the Court agrees to the proposed plea agreement, the defendant knowingly and voluntarily waives any right to appeal or collaterally attack any matter in connection with this prosecution, conviction, and sentence (including the length and conditions of supervised release, as well as any sentence imposed upon a revocation of supervised release). The defendant is aware that Title 18, U.S.C. § 3742 affords a defendant the right to appeal the conviction and sentence imposed. By entering into this agreement, the defendant knowingly waives any right to appeal if the Court imposes the sentence requested by the parties. The defendant also waives any right to challenge a sentence or otherwise attempt to modify or change his sentence or manner in which it was determined in any collateral attack, including, but not limited to, a motion brought under Title 28, U.S.C. § 2255 [except as limited by *United States v. Cockerham*, 237 F.3d 1179, 1187 (10th Cir. 2001)], a motion brought under Title 18, U.S.C. § 3582(c)(2), and a motion brought under Fed. Rule of Civ. Pro 60(b). However, if the United

> States exercises its right to appeal the sentence imposed as authorized by Title
> 18, U.S.C. § 3742(b), the defendant is released from this waiver and may appeal
> the sentence received as authorized by Title 18, U.S.C. § 3742(a).

(Doc. 129 at 12–13.)

The court construes the plea agreement "according to contract principles and what the defendant reasonably understood when he entered his plea." *Arevalo-Jimenez*, 372 F.3d at 1206 (internal quotation and citations omitted). The court strictly construes the waiver and resolves any ambiguities against the government. *Hahn*, 359 F.3d at 1343.

Here, defendant states that he received ineffective assistance of counsel for four reasons. The first relates to counsel's failure to investigate Mr. Webster as an alibi witness. Defendant claims that this failure led to defendant making an uninformed decision to plead guilty. The second relates to counsel's decision not to move to suppress items found in the house where defendant lived. The third and fourth both relate to counsel's performance at sentencing.

Defendant's first argument is at least arguably exempted by *Cockerham*. Defendant claims that he would not have entered into the plea agreement if his attorney had investigated Mr. Webster as an alibi witness. According to defendant, Mr. Webster would have told defense counsel that the contraband inside the house was not defendant's. Defendant represents that his attorney said that she talked with Mr. Webster and that he would not be of assistance (although defendant believes he would have). Because he was misled by his attorney, defendant claims, he did not make an informed choice to plead guilty.

The court questions whether this argument truly goes to the negotiation of the plea agreement because defendant did not plead guilty to the counts associated with contraband found in the house. Nevertheless, the court will assume for purposes of this order that defendant has adequately identified a *Cockerham* exception to the plea agreement waiver.

Defendant's second argument is covered by the waiver. This argument relates to the failure to file a pretrial motion, which ordinarily does not impact the voluntariness of a guilty plea unless a defendant sufficiently connects the claim to the negotiation of the plea agreement. *See, e.g.*, *United States v. Abston*, 401 F. App'x 357, 365 (10th Cir. 2010) (noting that an ineffective assistance claim based on the failure to file a motion to suppress was likely barred by the waiver in the plea agreement); *United States v. Masters*, 317 F. App'x 750, 755 (10th Cir. 2009) ("For an ineffective assistance of counsel claim to fall within this [*Cockerham*] exception, it must bear more than a tangential relationship to the plea agreement waiver."); *United States v. Fernandez*, No. 08-10141-WEB, 2011 WL 1541280, at *5 (D. Kan. Apr. 21, 2011) (determining that ineffective assistance claim for failure to file a motion to suppress was not a challenge to the validity of the plea or waiver); *United States v. Dozal*, No. 10-2675-KHV, 2011 WL 1527023, at *2 (D. Kan. Apr. 19, 2011) (same). Defendant did not make the necessary connection here. He merely claims that his attorney should have filed a motion to suppress. He does not, however, connect the failure to file a motion to his decision to plead guilty to three counts of distribution. This argument therefore falls within the scope of the plea agreement waiver.[1]

Defendant's third and fourth arguments relate to sentencing, which is removed in time from negotiation of the plea agreement. Moreover, a challenge to defendant's sentence is expressly prohibited by the waiver. The court therefore finds that defendant's second, third, and fourth arguments fall within the scope of the plea agreement waiver.

### B. Knowing and Voluntary

---

[1] In a related case—Mr. Webster's habeas case—the court found that Mr. Webster adequately connected his arguments about his attorney's failure to file a motion to suppress to his decision to enter a guilty plea. But Mr. Webster's situation was different. The timing of the plea was different; the charges to which he pleaded guilty were different; and the position taken in his § 2255 motion was different. The court's treatment of Mr. Webster's motion does not dictate the same result here.

Defendant acknowledged that he was entering into the plea agreement knowingly and voluntarily both during the plea hearing and in the plea agreement itself.  Moreover, in his briefs, defendant has not claimed lack of knowledge or voluntariness (at least with respect to claims two, three, and four).  The court has reviewed the unofficial transcription of the change of plea hearing, and also independently remembers it.  Based on its review and recollection, the court finds that the factual circumstances surrounding the plea in this case serve as compelling evidence that defendant voluntarily and knowingly entered a plea.  *See Hahn*, 359 F.3d at 1325 (explaining that the court looks to an informed plea colloquy for evidence that defendant knowingly and voluntarily entered into agreement).  Nothing in the record suggests that defendant's plea or waiver was unknowing or involuntary.  There is no basis for reaching a contrary decision now.

### C.  Miscarriage of Justice

Enforcing a waiver results in a miscarriage of justice only if (1) the court relied on an impermissible factor such as race; (2) the defendant received ineffective assistance of counsel in conjunction with the negotiation of the waiver; (3) the sentence exceeds the statutory maximum; or (4) the waiver is otherwise unlawful in the sense that it suffers from error that seriously affects the fairness, integrity, or public reputation of judicial proceedings.  *Hahn*, 359 F.3d at 1327.  Defendant bears the burden of showing that one of these factors is met.  *Anderson*, 374 F.3d at 959 (citation omitted).

Defendant does not attempt to explain how failing to enforce the plea agreement waiver with respect to his claims would result in a miscarriage of justice in this case.  Based on the full record of the case and the court's recollection of the circumstances of defendant's guilty plea and sentencing, the court finds that defendant is bound by the plea agreement waiver.  As a result, defendant's second, third, and fourth arguments are barred.

## II.  Argument Not Barred by Waiver

Defendant claims that counsel was ineffective because she did not investigate whether Mr. Webster would be an alibi witness before she advised defendant to plead guilty.  In support of his argument, defendant submitted an illegible affidavit purportedly signed by Mr. Webster.  The court ordered defendant to resubmit a readable copy of the affidavit.  Defendant did not do so.

Defendant's evidence in support of his claim is insufficient for two reasons.  First, it does not show that counsel failed to talk with Mr. Webster before advising defendant to plead guilty.  Second, even if the affidavit acknowledges that the contraband in the house was Mr. Webster's—not defendant's—such acknowledgment does not undermine the voluntariness of defendant's guilty plea. The contraband in the house supported Counts 1 and 6 of the Indictment.  Defendant did not plead guilty to Counts 1 and 6.  Defendant is unable to establish either prong of the *Strickland*[2] test for ineffective assistance of counsel.  First, he has not shown that his attorney's "performance was deficient" and "fell below an objective standard of reasonableness."  *See Strickland*, 466 U.S. at 687–88.  Second, he has not shown prejudice, which requires a showing that there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  *Id.* at 694.  For these reasons, defendant is not entitled to relief on his one claim that falls outside of the plea agreement waiver.

## III. Certificate of Appealability

The court will issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  Under this standard, a defendant must show that "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks and citation

---

[2] *Strickland v. Washington*, 466 U.S. 668 (1984).

omitted).  The court is not convinced that its conclusions are debatable among reasonable jurists or that the issues presented merit further proceedings.  For the reasons stated above, the court finds that defendant has not made a substantial showing of the denial of a constitutional right.  The court declines to issue a certificate of appealability in accordance with Rule 11 as amended December 1, 2009.

**IT IS THEREFORE ORDERED** that defendant Ronald Williams's Petition Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Doc. 180) is denied.

**IT IS FURTHER ORDERED** that defendant's motion to supplement (Doc. 203) is granted.

**IT IS FURTHER ORDERED** that the government's motion to enforce the plea agreement (Doc. 204) is denied in part and granted in part.

**IT IS FURTHER ORDERED** that a certificate of appealability is denied.

Dated this 27th day of August 2015, at Kansas City, Kansas.

**s/ Carlos Murguia**
**CARLOS MURGUIA**
**United States District Judge**